IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM ROBERT SANDERS, # 258188, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CASE NO. 2:15-CV-779-WKW [WO] |
| LEON FORNISS, *et al.*, | ) ) | |
| Respondents. | ) | |

# **ORDER**

On May 31, 2018, the Magistrate Judge filed a Recommendation (Doc. # 27) to which no timely objections have been filed. The Recommendation is due to be adopted, although one of its sections is due to be modified.

The Magistrate Judge found that Petitioner William Robert Sanders's 28 U.S.C. § 2254 petition is not time-barred based on her reading of the Eleventh Circuit's opinion in *Medina v. Singletary*, 59 F.3d 1095 (11th Cir. 1995). (Doc. # 27, at 14.) The *Medina* court asserted that a "substantive competency claim . . . is not subject to procedural default and must be considered on the merits." 59 F.3d at 1111. But Respondents did not argue that Mr. Sanders procedurally defaulted his substantive competency claim. Instead, they argued that Mr. Sanders's claim is "time-barred from review because Sanders filed it well after expiration of the one-year limitation period in 28 U.S.C. § 2244(d) of the Antiterrorism and Effective

Death Penalty Act of 1996 ('AEDPA')." (Doc. # 27, at 14 (citing Doc. # 15, at 16–22).) The *Medina* court did not address § 2244(d), in part because the Eleventh Circuit decided *Medina* before Congress passed AEDPA.

That did not stop this court from citing *Medina* for the propositions that a "substantive competency claim is not subject to [§ 2244(d)'s] time bar," *Simon v. Giles*, No. 2:11-CV-1125-WHA, 2015 WL 1292525, at *4 (M.D. Ala. Mar. 23, 2015) (citing *Medina*, 59 F.3d at 1111), and that "[t]he law is well settled that a substantive claim challenging a petitioner's competency to stand trial is not subject to the procedural or *time limitation* bars in either state or federal court," *id.* at *2 n.2 (emphasis added) (citing *Medina*, 59 F.3d at 1111; *Wright v. Sec'y for Dep't of Corr.*, 278 F.3d 1245, 1248–49 (11th Cir. 2002); *Glass v. State*, 912 So. 2d 285, 288 (Ala. Crim. App. 2004)). *Medina* and the other cases this court cited, however, addressed procedural default but not § 2244(d). And while it does seem to be well-settled law that a substantive competency claim cannot be procedurally defaulted, the Eleventh Circuit has at least implicitly held that substantive competency claims can be time barred under § 2244(d), *see Lawrence v. Florida*, 421 F.3d 1221, 1225–27 (11th Cir. 2005) (applying § 2244(d) to a substantive competency claim). Thus, this court appears to have mistakenly conflated procedural default and § 2244(d)'s one-year statute of limitations.

In short, Mr. Sanders's substantive competency claim is subject to § 2244(d)'s one-year statute of limitations. As Respondents argued in their Answer, Mr. Sanders filed his petition outside of that one-year period, and Mr. Sanders is not entitled to any equitable tolling of that period. (Doc. # 15, at 16–22.) Therefore, Mr. Sanders's petition is due to be denied not only on the merits of his substantive competency claim (as the Magistrate Judge found), but also under § 2254.

Accordingly, upon an independent review of the record and upon consideration of the Recommendation, it is ORDERED that:

1. The Magistrate Judge's Recommendation (Doc. # 27) is ADOPTED as modified above;

2. Mr. Sanders's petition is DISMISSED with prejudice.

A final judgment will be entered separately.

On another note, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Luther Strange's successor as Attorney General of Alabama, Steven T. Marshall, is substituted as Defendant.

DONE this 13th day of July, 2018.

          /s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE